## (March 19, 1964.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOUGLAS EDWARD DRAKE, Appellant.— Appeal from an order of the Chemung County Court which denied, without a hearing, defendant's application in the nature of a writ of error *coram nobis.* The defendant was convicted of the crime of burglary in the third degree following his entry of a plea of guilty to an indictment charging said crime on June 5, 1945. Four days later he was sentenced to the Elmira Reformatory. He now maintains that the court failed to provide him with counsel and that at the time of his arraignment he was so mentally defective that he could not competently or intelligently waive his right to counsel. The court minutes indicate that the defendant "having heard the indictment read and being informed of his rights by the court waived counsel and entered a plea of guilty". The issue he wishes to present is whether he did so competently and intelligently. The decision of the Supreme Court of the United States in *Sanders* v. *United States* (373 U. S. 1), the Court of Appeals decision in *People* v. *Hernandez* (8 N Y 2d 345, cert. den. 366 U. S. 976) and our decision in *People* v. *Beauchamp* (19 A D 2d 662) do not require us to grant petitioner's application. In *Hernandez, coram nobis* was denied. In *Sanders* and *Beauchamp* the petitions alleged facts, which if proved, would entitle the petitioners to relief. In *Sanders,* the petitioner alleged that he was incompetent at the time of trial because he was under the influence of narcotics. This was an allegation of fact. In *Beauchamp,* the petitioner alleged that he was an "ex-inmate of Arizona State Hospital" and under the liberal view we accord such petitions we held that this was a sufficient allegation of fact to entitle the petitioner to a hearing. In the instant case petitioner states that he was incompetent when

he waived his right to counsel. This is a conclusory statement and the unsigned statement of an unknown investigator does not make it a fact which would entitle the petitioner to a hearing or call upon the State to conclusively refute it. Order affirmed. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.